# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

WILLIAM GEISSLER,
               Appellant,

       v.

TENNESSEE VALLEY AUTHORITY,
              Agency.

DOCKET NUMBER
AT-0351-14-0784-I-1

DATE: September 9, 2016

## THIS FINAL ORDER IS NONPRECEDENTIAL[*]

William Geissler, Chattanooga, Tennessee, pro se.

Jennifer L. Grace, Esquire, and Philip J. Pfeifer, Knoxville, Tennessee, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1     The appellant has filed a petition for review of the initial decision, which sustained his removal by operation of reduction in force (RIF) procedures. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The agency separated the appellant, a pre-permanent System Engineer, Mechanical, River Operation, B-level, during a RIF that it conducted in 2014. Initial Appeal File (IAF), Tab 4, Subtab 4o. The agency employed engineers on four levels: A, B, C, and D. A-level engineers were trainees who generally progressed to B-level in 4 years. B-level were senior engineers. C-level engineers were technical experts and D-level were technical supervisors. IAF, Tab 30 at 29-49. The appellant was hired directly into a B-level engineer position because of his experience prior to being employed by the agency. The appellant appealed the agency's RIF action. IAF, Tab 1.

¶3 Based on the record, including the hearing testimony, the administrative judge found that the agency invoked the RIF regulations for a legitimate management reason, a reorganization resulting from the agency's decision to cut its operating budget. IAF, Tab 40, Initial Decision (ID) at 4-6. He also found that the agency established that it properly applied the RIF regulations both to the appellant's competitive area and to his competitive level and properly released the appellant from his competitive level. ID at 6-17. Further, the administrative judge found that the appellant did not have assignment rights to any position upon

his release from the competitive level. ID at 17-21. Finally, the administrative judge found that the appellant failed to establish that the agency discriminated against him on the basis of age. ID at 21-27.

¶4        In his petition for review, the appellant emphasizes that he was hired as a B-level engineer, so he was not subject to the normal 4-year training period needed to advance to the B level. Petition for Review (PFR) File, Tab 1. He argues that he met the requirements for more than one open position, but he was not included in the interview process for the jobs. *Id*. He argues that this shows age discrimination. *Id*. Additionally, apparently to undermine the administrative judge's finding that the agency properly applied the RIF regulations as to the appellant's competitive level, he asserts that, prior to the RIF, the agency moved him into a system engineer position that required experience in fossil and gas plants without him having the requisite years of experience and that the agency also moved fossil engineers into hydro plants positions when they lacked the requisite experience for those jobs. *Id*.

¶5        The appellant does not dispute the administrative judge's findings that the agency invoked the RIF regulations for a legitimate management reason and that it properly applied the RIF regulations to the appellant's competitive area. We find that the petition for review provides no basis to disturb the administrative judge's well-reasoned determination that the agency established these elements of its RIF action by preponderant evidence through both documentary evidence and live testimony, ID at 4-11. The record reflects that the administrative judge considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions. *See, e.g.*, *Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

¶6    Based on the appellant's assertion that the agency moved him into a system engineer position that required experience working in fossil and gas plants and moved fossil engineers into hydro plants positions, it appears that he is arguing that the administrative judge erred in finding that the agency properly applied the RIF regulations to the appellant's competitive level.

¶7    It is well established that, in a RIF, an employee has a substantive right to be placed in a properly drawn competitive level. *See Jicha v. Department of the Navy*, 65 M.S.P.R. 73, 76 (1994). Thus, the agency bears the burden to prove by preponderant evidence that the appellant's competitive level was properly drawn. *Disney v. Department of the Navy*, 67 M.S.P.R. 563, 567 (1995). To meet its burden, the agency must establish distinguishing features between positions in separate competitive levels that are sufficient as a matter of law to find that the positions are not "similar enough in duties, qualifications requirements, pay schedules, and working conditions, so that an agency may reassign the incumbent of one position to any of the other positions in the level without undue interruption." 5 C.F.R. § 351.403(a). "Without undue interruption" means without any loss to productivity beyond that normally expected in the orientation of any new, but fully qualified employee. *See Disney*, 67 M.S.P.R. at 567. Position descriptions are significant evidence in determining whether positions should be in the same competitive level, but other evidence also may be relevant under the circumstances if it sheds light on the position descriptions. *See Evans v. Department of the Navy*, 64 M.S.P.R. 492, 495-96 (1994). Nonetheless, an agency is permitted to establish separate competitive levels, even for positions with the same grade and title, to take into account special qualifications or duties required of some incumbents. *See, e.g.*, *Griffin v. Department of the Navy*, 64 M.S.P.R. 561 (1994).

¶8    Here, the administrative judge carefully compared the position description of the appellant's position, System Engineer, Mechanical, River Operation, to the position descriptions of five other B-level System Engineer positions: (1) System

Engineer, Combustion Turbine Plant; (2) System Engineer, Electrical; (3) System Engineer, Fuel Operations; (4) System Engineer, Mechanical; and (5) System Engineer, Performance Test & Evaluation. ID at 12. He found that the minimum qualifications for each of these positions included a bachelor's degree in engineering from an accredited school of engineering. However, unlike the appellant's position, the position description of positions 1, 2, 3, and 4 did not specify that the engineering degree had to be in a specific engineering discipline, such as Mechanical Engineering. ID at 12. The administrative judge noted that the position description of the appellant's position did specify that the college degree had to be in Mechanical Engineering. In addition, he noted that each of the System Engineer positions required skills and proficiency with a particular type of energy-producing plant or other specialized knowledge. For example, position 1 required skill and proficiency in Combustion Turbine Plant Systems and Equipment; positions 2, 3, and 4 required skill and proficiency in Fossil Plant, i.e., Coal Systems; and position 5 required skill and proficiency with American Society of Mechanical Engineers Performance Test Codes and Environmental Protection Agency regulations. None of these five positions required skill and proficiency in hydro plant operations and maintenance processes, as did the appellant's position. IAF, Tab 30 at 29-34.

¶9      As to position 5, System Engineer, Performance Test & Evaluation, the minimum qualifications listed on the position description were nearly identical to the minimum qualifications listed on the appellant's position description, including the requirement that the incumbent possess a bachelor's degree in Mechanical Engineering or comparable related engineering discipline. IAF, Tab 30 at 33. However, unlike the appellant's position, the minimum qualifications for the System Engineer, Performance Test & Evaluation position also required the incumbent to possess experience related to performance analysis and testing methods. Additionally, while the appellant's position description required the incumbent to have skill and proficiency respecting hydro plant

systems and hydro plant operation and maintenance processes, the System Engineer, Performance Test & Evaluation position, which was assigned to the Fossil Power Group, did not require skill and proficiency in these areas. We agree with the administrative judge that the experience necessary to qualify as a B-level System Engineer, Performance Test & Evaluation, which did not include experience with hydro plants or hydro plants systems, would not necessarily allow such an engineer to complete the work required of the appellant's position within 90 days after such an engineer would be placed in the appellant's position. As the administrative judge correctly found, the agency established by preponderant evidence that the appellant's position (System Engineer, Mechanical, River Operation) and the System Engineer, Performance Test & Evaluation position were not similar enough in duties, qualification requirements, pay schedules, and working conditions that the agency could reassign the incumbent of each position to the other position without undue interruption. *See Disney*, 67 M.S.P.R. at 567.

¶10    In sum, we find that the administrative judge correctly found that the agency properly applied the RIF regulations to the appellant's competitive level. The record does not account for the appellant's assertion in his petition for review that the agency previously had moved him into a system engineer position that required working in fossil and gas plants without him having the requisite years of experience and moved fossil engineers into hydro plants positions. However, we note that the qualifications as set forth in position descriptions, not the personal qualifications of specific incumbents, determine composition of competitive levels. *See Holliday v. Department of Army*, 12 M.S.P.R. 358, 362 (1982).

¶11    Because the administrative judge correctly found that the agency properly applied the RIF regulations to the appellant's competitive level, he also correctly found that the agency properly released the appellant from his competitive level. At the time of the RIF, the appellant was the only employee who remained in his

competitive level. The other employee who had been in the same competitive level with the appellant had found another position with the agency before the RIF was effected. Also, the administrative judge correctly found that the appellant did not have assignment rights because there were no employees in a lower subgroup than the appellant and he previously had not occupied any other position with the agency. *See* 5 C.F.R. § 351.701.

¶12 It appears that, on review, the appellant is asserting that, as a B-level engineer, he met the qualifications for a number of open positions within the agency that were not being eliminated by the RIF, that he applied for many of these positions, and that his nonselection for these positions established his allegation of age discrimination. PFR File, Tab 1. Thus, it seems that he is asserting discrimination in his nonselections rather than in the RIF action itself. Because the Board has jurisdiction over this appeal as a separation by operation of RIF procedures, it has jurisdiction only to determine whether the agency discriminated against the appellant on the basis of age in effecting his RIF separation. *See Rosario-Fabregas v. Department of the Army*, 122 M.S.P.R. 468, ¶ 20 (2015) (stating that the Board generally lacks jurisdiction to adjudicate a discrimination claim absent an otherwise appealable action).

¶13 In *Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶¶ 42-43, 51 (2015), the Board held that when an appellant asserts an affirmative defense of discrimination or retaliation, the Board, in reviewing the evidence of discrimination or retaliation, will first inquire whether an appellant has shown by preponderant evidence that the prohibited consideration was a motivating factor in the contested personnel action, in violation of 42 U.S.C. § 2000e-16. *Id*., ¶ 41. If the appellant meets his burden to show that discriminatory or retaliatory animus was a motivating factor in the contested personnel action, the Board will inquire whether the agency has shown by preponderant evidence that it still would have taken the contested action in the absence of the discriminatory or retaliatory

motive. *Id*., ¶¶ 49-51. If the agency meets that burden, then its violation will not require reversal of the action. *Id*., ¶ 51.

¶14    Here, the administrative judge noted that the appellant testified that he had applied for more than 25 positions with the agency without being interviewed for any of them, while younger engineers were being interviewed. ID at 25. The administrative judge found that, even assuming that such anecdotal evidence might support a claim of discrimination concerning the selection process, the appellant presented no evidence that the individuals involved in deciding which applicants would be interviewed for the positions to which he applied exerted any influence over the RIF process that resulted in the appellant's separation from his position. *Id*. Thus, although the appellant established that he was a member of a protected group on the basis of his age and that he suffered an appealable adverse employment action, the administrative judge correctly found that the appellant failed to submit sufficient evidence to establish that the unfavorable actions, his nonselections, gave rise to an inference of discrimination on the basis of his age regarding his separation by operation of RIF procedures. *Id*.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). *See* title 5 of the U.S. Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)). If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate U.S. district court. *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of

prepayment of fees, costs, or other security. *See* [42 U.S.C. § 2000e-5](f) and [29 U.S.C. § 794a](#).


FOR THE BOARD:                    _____
                                 Jennifer Everling
                                 Acting Clerk of the Board

Washington, D.C.